IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| CANDICE HOLT, | ) | |
| | ) | |
| v. | ) | No. 3:16-0879 |
| | ) | Judge Nixon/Frensley |
| CAROLYN W. COLVIN, | ) | |
|    Acting Commissioner of | ) | |
|    Social Security | ) | |

## **REPORT AND RECOMMENDATION**

The *pro se* Plaintiff filed this case on May 13, 2016.

On September 16, 2016, Defendant filed a motion to show cause why Plaintiff's complaint should not be dismissed for failure to prosecute (Docket Entry No. 16). The Court granted this motion, and by order entered September 21, 2016 (Docket Entry No. 17), Plaintiff was given until October 17, 2016 to file a response to the motion to show cause In that order, the Court warned Plaintiff that if she did not file a response to these motions by October 17, 2016, her case could be dismissed for failure to comply with the Court's orders and for failure to prosecute in accordance with Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response to the motion.

It is well-settled that federal trial courts have the inherent power to manage their own dockets. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1961). Rule 41(b) of the Federal Rules of Civil Procedure allows the Court to dismiss an action for the "fail[ure] to prosecute or to comply with these rules or a court order[.]" Pursuant to Rule 41(b), the Court may dismiss an action upon a showing of a clear record of delay, contumacious conduct, or failure to prosecute by the plaintiff.[1] *See Bishop v. Cross*, 790 F.2d 38 (6th Cir.

---

[1] Dismissals pursuant to Rule 41(b) may be accomplished by the Court in the absence of a defense motion. *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).

1986); *Patterson v. Township of Grand Blanc*, 760 F.2d 686, 688 (6th Cir. 1985) (per curiam), *Carter v. City of Memphis, Tennessee*, 636 F.2d 159, 161 (6th Cir. 1980).

Plaintiff has had ample opportunity to prosecute this case. She was notified of her obligation to file a Motion for Judgment in the Order entered on July 22, 2016 (Docket No. 13). She was later notified of her obligation to file a response to Defendant's motion to show cause by order entered September 21, 2016. However, contrary to the Court's orders, Plaintiff has not filed a response to the motion, nor made any filings in this case. Even after the Court granted Defendant's motion to show cause and warned Plaintiff that her case could be dismissed if she did not respond to this motion, Plaintiff has not taken further action to prosecute this case.

## RECOMMENDATION

Based on the foregoing, it is respectfully recommended that this action be DISMISSED for Plaintiff's failure to prosecute this case, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this Report and Recommendation, and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed to be a waiver of the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JEFFERY S. FRENSLEY
United States Magistrate Judge